Salvatore J. PRESUTTI,
Plaintiff–Appellant,

v.

FEDERAL DEPOSIT INSURANCE CORPORATION, as receiver for the Bank of Hartford, Defendant–Appellee.

Docket No. 01–6044.

United States Court of Appeals, Second Circuit.

Dec. 20, 2001.

John C. Peters, Avon, CT, for Appellant.

John B. Farley, Halloran & Sage LLP, Hartford, CT, for Appellee.

Present OAKES, CARDAMONE, and POOLER, Circuit Judges.

### SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of said District Court be and it hereby is AFFIRMED.

Salvatore J. Presutti appeals from an amended judgment of the United States District Court for the District of Connecticut (Alvin W. Thompson, *Judge* ) that set aside a jury verdict in Presutti's favor for conversion and violation of Connecticut's Unfair Trade Practices Act ("CUTPA") and from an order refusing to further amend the amended judgment.

In March 1988, the Bank of Hartford ("Bank") entered into a mortgage loan transaction with Presutti, Joseph P. Kennedy ("Kennedy"), and Joseph P. Kennedy, Trustee, for 825–829 Wetheresfield Avenue ("Premises").[1] In connection with the mortgage, the mortgagors executed a collateral assignment of leases and rentals, which listed Park Place Properties, Presutti's and Kennedy's partnership, as the ground floor tenant of the Premises. On June 6, 1993, the Bank commenced a foreclosure action against the mortgagors, and on November 2, 1993, title to the Premises vested in the Bank.

On December 1, 1992, following the mortgagors' default, the Bank entered into a contract with MC Building Services, Inc. ("MC") to manage and maintain the Premises. At that time, the ground floor of the Premises was equipped with a security alarm which Park Place Properties had purchased from Sonitrol, Inc. Presutti refused to give MC the security code needed to arm and disarm the system. Therefore, with the Bank's permission, MC had the alarm system repaired and arranged for Sonitrol to monitor the system. Presutti subsequently entered the premises, set off the alarm, and was confronted by a police officer.

In August 1993, Presutti filed a lawsuit for, among other things, conversion of the alarm system and violation of CUTPA in the Connecticut Superior Court. In 1995 the Federal Deposit Insurance Corporation ("FDIC"), as receiver for the Bank, removed the lawsuit to the federal district court.

A jury heard Presutti's claims and FDIC's defense between May 30 and June 6, 2000. At the close of plaintiff's proof, defendant moved for judgment as a matter of law pursuant to Fed.R.Civ.P. 50, and the court reserved decision. On June 6, 2000, the jury returned a verdict in favor of Presutti and awarded him damages of $1,129. The FDIC orally renewed its motion immediately following the jury verdict, and the court granted the FDIC permission to file its memorandum of law at a later date. On June 19, 2000, the FDIC filed a formal written motion supported by a memorandum of law. The next day, Presutti requested an extension of time to respond to the FDIC's motion. Judge

---

1. We adopt the facts set forth in appellee's brief, which appellant does not dispute.

Thompson granted the requested extension. On June 22, 2000, the Clerk entered judgment in Presutti's favor. Presutti moved for counsel fees and costs on July 5, 2000, and, on July 25, 2000, the FDIC requested that its time to respond to the attorney's fee motion be extended to twenty days after the court's decision on the Rule 50 motion. Presutti objected to the motion, arguing that the court already had ruled on the Rule 50 motion by allowing judgment to be entered. The court granted an extension before receiving Presutti's objection.

On January 3, 2001, the court granted the FDIC's motion. It held that

> For the reasons set forth in Part I of the defendant's memorandum dated June 15, 2000, the plaintiff failed to establish an ownership interest in the property sufficient to support a claim for conversion; rather, as a matter of law, the plaintiff's evidence established that the security system was the property of a partnership, Park Place Properties.

> In addition, the defendant is entitled to judgment as a matter of law on the Eighth Count, the CUTPA claim, because in the absence of a showing that the defendant's actions constituted a conversion, there is no other conduct on the part of the defendant which could support a finding of a CUTPA violation.

An amended judgment reflecting this holding was entered on January 10, 2001. Presutti then moved for a second amended judgment, arguing that the FDIC did not make its motion in the time period required by Fed.R.Civ.P. 50, the court could not rely on Fed.R.Civ.P. 60, and the court made a legal error in determining that Presutti did not have a sufficient ownership interest to support a conversion claim. The court denied this request on January 22, 2001. It found that the FDIC "orally renewed its motion for judgment as a matter of law immediately following the jury verdict" and that "[t]he court did not rely on Rule 60."

On appeal, Presutti makes the counter-intuitive argument that the FDIC failed to make a timely motion because both its oral motion and its written motion were made before the entry of judgment. Rule 50(b) does not require that a motion be made after the entry of judgment; instead it provides that the non-prevailing party may file its "motion no later than 10 days after entry of judgment." As the Advisory Committee Notes for the 1995 amendments to Rule 50 state: "The phrase 'no later than' is used—rather than 'within'—to include post-judgment motions that sometimes are filed before actual entry of the judgment by the clerk." Because the FDIC filed a written motion *before* the entry of judgment, its motion was timely.

Presutti also argues that entry of the June 22 judgment constituted a denial of the FDIC's earlier motion, requiring the FDIC to move against the judgment. This argument contradicts the record. As indicated by the chronology previously set forth, Judge Thompson did not regard the June 22 judgment as resolving the Rule 50 motion. Nor is there any indication in the record that Judge Thompson approved the form of the verdict pursuant to Rule 58(2) of the Federal Rules of Civil Procedure. Finally, Presutti does not offer any persuasive authority for his argument that the entry of judgment by a clerk disposes of a pending Rule 50 motion where it does not purport to address that motion.

Presutti next argues that the substance of the district court's holding was erroneous because (1) it contradicts the jury's specific finding that Presutti owned the alarm system in violation of the Seventh Amendment to the United States Constitution; (2) the FDIC itself argued that the

arrangement between Presutti and Kennedy was a joint venture or agency agreement not a partnership; and (3) it is not necessary under Connecticut law to have title to property to recover for conversion.

■ Rule 50 specifically allows the district court to set aside a jury verdict if "there is such a complete absence of evidence supporting the verdict that the jury's findings could only have been the result of surmise and conjecture." *McCullock v. H.B. Fuller Co.*, 61 F.3d 1038, 1044 (2d Cir.1995). Granting a Rule 50(b) motion does not offend the Seventh Amendment "where the evidence, viewed most favorably to the party against whom the judgment is entered, would not be sufficient to support a verdict in that party's favor." *Shore v. Parklane Hosiery Co.*, 565 F.2d 815, 819 (2d Cir.1977), *aff'd* 439 U.S. 322, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979). Thus our task is to determine whether the district court correctly concluded that there was no evidence to support the jury's finding that Presutti owned the alarm system. We review the district court's decision *de novo* but use the same standards that it must apply. *United States v. Daccarett*, 6 F.3d 37, 59 (2d Cir. 1993).

Our review is complicated by plaintiff's failure to supply the trial transcript and to identify any facts overlooked by the district court that indicate the security system was owned by him individually rather than by Park Place Properties. Moreover, plaintiff accepts the FDIC's version of the facts, which includes assertions that Park Place Properties was a partnership between Presutti and Kennedy and that Park Place Properties purchased the security system. Instead of pointing to evidence in the record, Presutti relies on a portion of the FDIC's brief below as a concession that Presutti owned the alarm system. However, the cited portion of the brief addresses ownership of the building, not ownership of the security system. Therefore, Presutti's claim that the FDIC conceded his argument is disingenuous. We discern no basis for setting aside the district court's conclusion that Presutti's own proof established that the partnership owned the security system.

■ Presutti contends correctly that he need not prove that he held title to the security system in order to maintain a claim for conversion. *See Devitt v. Manulik*, 176 Conn. 657, 410 A.2d 465, 467 (1979). However, the only basis other than absolute ownership that Presutti urged to the district court was that, as a partner in the partnership, he was an owner of the alarm system. This claim is contradicted by Connecticut law which provides that "[p]roperty acquired by a partnership is property of the partnership and not of the partners individually." Conn. Gen.Stat. Ann. § 34–315 (1997). Although Presutti now suggests that there may be other interests sufficient to enable him to maintain a conversion action, we will consider an issue not passed on below only if it is purely legal and there is no need for fact finding or "consideration of the issue is necessary to avoid manifest injustice." *Krumme v. Westpoint Stevens, Inc.*, 238 F.3d 133, 142 (2d Cir.1992) (internal quotation marks omitted). Because Presutti does not identify a legal issue that can be resolved on the record before us and there is no apparent basis for concluding that we must act to avoid a manifest injustice, we decline to address these additional arguments.